UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| COREY KEIGLER, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 2:17-CV-358 |
| | § | |
| CHEVRON CORPORATION, | § | |
| | § | |
| Defendant. | § | |

## **MEMORANDUM AND RECOMMENDATION TO DISMISS**

Plaintiff Corey Keigler alleges that he was terminated from his employment by the Chevron Corporation because he is black, in violation of Title VII of the Civil Rights Act of 1964. A pretrial conference was held on February 2, 2018, at which an attorney from Louisiana, Hilliard Fazande, appeared by telephone claiming to represent Plaintiff. However, Fazande never filed a motion to appear pro hac vice and never served Defendant, despite being given additional time to do so. A second pretrial conference was scheduled for April 6, 2018, but neither Plaintiff nor his attorney appeared. A check of the Louisiana Bar Association's website reveals that Fazande has been suspended from the practice of law since 2017. The only activity that has occurred in the case is Plaintiff's payment of $300.00 toward the filing fee.

An order to show cause why Plaintiff's case should not be dismissed for want of prosecution was filed and sent to Plaintiff on April 6, 2018, and an amended order to show cause was filed and sent on April 20, 2018 (D.E. 7, 8). Plaintiff sent the Court notice of a change of address on May 1, 2018, and the order to show cause was re-sent to the updated address on May 22, 2018 (D.E. 9, 10). Notification that Plaintiff received the

order to show cause was received by the Court on June 4, 2018 (D.E. 11). To date, Plaintiff has not responded to the order to show cause and it appears that he has abandoned his claim.

## DISCUSSION

Rule 41(b) of the Federal Rules of Civil Procedure provides the following:

(b) **Involuntary Dismissal; Effect.** If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule—except for one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19—operates as an adjudication on the merits.

A court may sua sponte dismiss an action for failure to prosecute. *Martinez v. Johnson*, 104 F.3d 769, 772 (5th Cir. 1997). "'The power to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the [d]istrict [c]ourts.'" *Id.* (quoting *Link v. Wabash Railroad*, 370 U.S. 626, 630-31). "A dismissal with prejudice is an extreme sanction that deprives the petitioner of the opportunity to pursue his claim further." *Curtis v. Quarterman*, 340 Fed. Appx. 217, 218 (5th Cir. 2009). Therefore, district courts have limited discretion to dismiss a claim with prejudice. *Id.*

Plaintiff in this case has failed to comply with the order to show cause. He has not responded in any way and appears to have abandoned his claim. Accordingly, Plaintiff's complaint is DISMISSED without prejudice for failure to prosecute.

ORDERED this 9th day of July, 2018.

_____
NELVA GONZALES RAMOS
UNITED STATES DISTRICT JUDGE